**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FILISONE MANISEL MA AFU, etc. | No. 09-73279 |
| Petitioner, | Agency No. A77-391-747 |
| v. | |
| ERIC H. HOLDER, JR., | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review from an Order of the
Board of Immigration Appeals

Argued and Submitted December 8, 2011
San Francisco, California

Before: LUCERO,[**] CALLAHAN, and N.R. SMITH, Circuit Judges.

Filisone Manisel Ma Afu petitions this court for review of the decision of

the Board of Immigration Appeals ("BIA") ordering him removed to Tonga. Ma

Afu was admitted to the United States as a nonimmigrant visitor when he was a

toddler in 1987. His father became a U.S. citizen in 1998, but Ma Afu did not

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Carlos F. Lucero, Circuit Judge for the Tenth Circuit,
sitting by designation.

adjust to permanent resident status until 2005, when he was nineteen years old.

Shortly after his adjustment, Ma Afu was convicted of first-degree burglary and placed in removal proceedings. He argued that he was not removable because he became a U.S. citizen under the Child Citizenship Act ("CCA"), 8 U.S.C. § 1431, as a result of his father's naturalization. The Immigration Judge disagreed and ordered Ma Afu removed. The BIA affirmed.

Ma Afu concedes that he does not meet the explicit statutory requirements of the CCA, which provides automatic citizenship to a noncitizen minor with a citizen parent if the minor is admitted as a lawful permanent resident before turning eighteen. 8 U.S.C. § 1431. Ma Afu did not attain permanent resident status until he was nineteen. He nonetheless argues that he should be entitled to citizenship under the CCA on the theory that his father's permanent resident status should be imputed to him.[1] He cites two cases in which this court has imputed a parent's term of residence to his or her minor child for purposes of eligibility for discretionary relief. See Cuevas-Gaspar v. Gonzales, 430 F.3d 1013 (9th Cir. 2005); Lepe-Guitron v. INS, 16 F.3d 1021 (9th Cir. 1994).

We reject Ma Afu's argument. In effect, Ma Afu asserts that so long as a

---

[1] A clear problem with this argument is that, at the relevant times for purposes of the CCA, Ma Afu's father was a citizen, and therefore not a permanent resident.

minor's parent was a permanent resident before naturalizing, the minor need not acquire independent permanent resident status to qualify for automatic citizenship under the CCA. But a minor otherwise eligible because of his or her parent's naturalization necessarily has a parent who was previously a permanent resident. Thus, Ma Afu's imputation theory would obviate the statutory requirement that the child independently possess permanent resident status in a broad swath of cases. Neither Cuevas-Gaspar nor Lepe-Guitron absolved the petitioners from holding the requisite legal status to make them eligible for relief.

Moreover, this court has refused to extend the rationale of Cuevas-Gaspar and Lepe-Guitron into the citizenship context. See United States v. Flores-Villar, 536 F.3d 990, 999 (9th Cir. 2008), aff'd by an equally divided court, 131 S. Ct. 2312 (2011) ("It is one thing to impute residence when removal is at stake, another to impute it when citizenship is at stake."). We reject Ma Afu's request to impute his father's legal status, and hold that he was not entitled to automatic citizenship under the CCA.

The petition is **DENIED**.